UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X          NOT FOR PUBLICATION
JOSE LEONIDES VARILLAS BROCA,

        Petitioner,                                          11 CV 5818 (SJ)(JMA)


        vs.                                                          ORDER


MIRNA MARIANA GIL GIRON,

        Respondent.

-----------------------------------------------------X
A P P E A R A N C E S

JONES DAY REAVIS & POGUE
222 East 41st Street
New York, NY 10022
By:     Mark R. Seiden
       Caroline Ivie Lents
       Laura W. Sawyer
       Lisa M. Yemm
*Attorneys for Petitioner*

LANSNER & KUBITSCHEK
325 Broadway
New York, NY 10007
By:     Carolyn A. Kubitschek
*Attorneys for Respondent*


**JOHNSON,  Senior District Judge:**

Presently before the Court is a motion (the "Motion") for reimbursement of

expenses incurred successfully defending the petition filed on November 30, 2011

against respondent Mirna Mariana Gil Giron ("Respondent" or "Gil").  The Motion

is brought by Respondent's counsel, Lansner & Kubitschek ("Counsel"). Counsel was appointed on December 9, 2011 and was selected from the Eastern District Pro Bono Panel (the "Panel").

The matter involved a petition under the Hague Convention on Civil Aspects of International Child Abductions ("Petition") brought by petitioner Jose Leonides Varillas Broca ("Petitioner"), Gil's husband. The Petition sought the return of the couple's three children to Mexico, from which Gil removed them without Petitioner's consent. Petitioner was represented by the law firm of Jones, Day, Reavis & Pogue and filed the action against Respondent, who appeared in court unrepresented by counsel. The Court reviewed the Petition and inquired of Respondent at the parties' first appearance. Gil stated that the children were removed because of her husband's threats of violence and presented documents to the Court that were in Spanish and allegedly corroborated her claim. The Court then appointed Counsel, a two-attorney practice, to defend her.

The matter was referred to Magistrate Judge Joan M. Azrack, who conducted a two-day hearing at which an interpreter was required to take the testimony of multiple witnesses whose first language was Spanish. The cost of the interpreter was $2,700. The cost of the hearing transcripts was $715.20. Both sides availed themselves of these services.

Respondent also enlisted the services of an expert on domestic violence, Dr. Evan Stark. Counsel made an application before Judge Azrack for $5,000 in fees for

Dr. Stark. Judge Azrack determined that an expert was necessary to defense of this action but that the fee was excessive and authorized only $2,500 in fees, reflecting 12.5 hours of work. Respondent now moves this Court to approve $7,200 in fees for Dr. Stark, representing 4.5 hours spent interviewing two of the children, the preparation of a 61 page report, a half-day of testimony before Judge Azrack, and travel time to court for the hearing. Counsel also seeks half of the interpreter and transcript costs.

Petitioner does not object to reimbursement of the interpreter or transcript fees, but does oppose payment to Dr. Stark of any amount in excess of $2,500. Petitioner argues that Dr. Stark's fees are not out-of-pocket expenses borne by Counsel because Dr. Stark testified that he capped his fee at $2,500 in light of Judge Azrack's order.

DISCUSSION

The Eastern District Civil Litigation Fund is a nonprofit corporation that provides funds to attorneys who are appointed to represent a party in a civil matter on a pro bono basis but are "unable to conveniently bear the cost of expenses of litigation." See Rules Governing Procedures for Appointment of Attorneys in Pro Se Civil Actions at 6(B). Reimbursement is within the discretion of the assigned Judge. See id. at 6(C) ("[T]he assigned Judge *may* order reimbursement of the expenses of litigation.") (emphasis added).

Here, the Court credits Petitioner's argument that the fee for Dr. Stark does not represent an out-of-pocket expense absorbed by Counsel because Stark agreed to limit his fee, a decision not unlike Counsel's decision to waive hers altogether in order to represent an indigent party. However, the Court has analyzed that magnanimous gesture in light of the expenditure of time (which exceeded both Judge Azrack's and Counsel's estimate), and concludes that it is more consistent with the spirit of the Panel to compensate Dr. Stark for a greater percentage of time spent than is represented by the $2,500. See, e.g., Baker v. American Broadcasting Co., 585 F. Supp. 291, 294 (E.D.N.Y. 1984) ("It cannot be violative of law or public policy to give financial aid to a poor suitor who is prosecuting a meritorious cause of action.") (Weinstein, J.) (citation omitted). The Court therefore approves of reimbursement of Dr. Stark in the amount of $4,850. This amount represents the original $2,500, plus half of the additional $4,700 sought by Counsel. The Court agrees that transcript and interpreter services were both necessary to Counsel's defense of this action and in the interests of justice, and Counsel may also be reimbursed for half those expenses, $1707.60, for a total of $6,557.60.

## CONCLUSION

For the foregoing reasons, the Court approves reimbursement in the amount of $6,557.60. SO ORDERED.

Dated: November 10, 2014               _____/s_____
     Brooklyn, NY                       Sterling Johnson, Jr, U.S.D.J.